```
                UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON


WESLEY T. BRADY,

        Plaintiff,

v.                                  Civil Action No. 2:14-0265

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.
```

MEMORANDUM OPINION AND ORDER

On January 3, 2014, plaintiff instituted this action seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C.A. § 405(g).  The sole issue before the court is whether the decision denying plaintiff's claim for income and benefits is supported by substantial evidence.  See 45 U.S.C.A. § 405(g).

By standing order this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge.  On February 18, 2015, the magistrate judge filed his Proposed Findings and Recommendation ("PF&R").  In the PF&R, the magistrate judge recommends that the Commissioner's final decision be affirmed and this matter dismissed from the docket.

On March 4, 2015, plaintiff Wesley T. Brady filed his objections. He objects to that portion of the PF&R stating that the administrative law judge ("ALJ") erred in analyzing opinions of treating, examining, and non-examining physicians. Specifically, Mr. Brady principally contends that the PF&R mistakenly concludes that the ALJ complied with 20 C.F.R. § 404.1527 in the minimal weight accorded to the opinion of his treating physician Dr. Elbert J. Nash.

An ALJ must generally give more weight to the medical opinions of a claimant's treating physician when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c); <u>Russell v. Comm'r of Soc. Sec.</u>, 440 F. App'x 163, 164 (4th Cir. 2011). Indeed, such opinions concerning the "nature and severity" of a claimant's impairments are to be given "controlling weight" if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [] not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 416.927(c)(2).

An ALJ "may choose to give less weight to the testimony of a treating physician if there is persuasive

contrary evidence." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). If a treating physician's opinion is ultimately deemed unworthy of controlling weight, our court of appeals has explained an ALJ should examine "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). The ALJ must provide "good reasons" for not affording controlling weight to a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2).

On September 4, 2012, Dr. Nash essentially opined that Mr. Brady was totally disabled. Mr. Brady asserts that the ALJ erred in affording little weight to the opinion and, contrary to law, gave only "general and non-specific reasons for" that diminished weight. (Objecs. at 5). As Mr. Brady concedes, the ALJ stated, in part, as follows:

> Though Dr. Nash did note positive straight leg raising, reflex changes and muscle spasms, there is no objective testing to support the worsening of the claimant's conditions since the August 2010 MRI (Exhibit 19F). In fact, progress notes are generally void of specific medical information, rather they present with reports of claimant's allegations of pain and symptoms. Those records report the claimant "feeling good" or "better" by September 2009, and

3

> indicate some relief with medications in March 2011 . . . .
>
> . . . .
>
> As has been addressed above, little weight is given the findings of Dr. Nash, as they are simply not consistent with the credible evidence of record. Dr. Nash's notations that the claimant must walk 15 minutes after sitting 20 minutes are inconsistent with his finding the claimant can walk less than one block before needing rest or experiencing severe pain. This inconsistency is indicative of the type of discrepancies seen throughout the doctor's opinion (Exhibit 19F). As such, I cannot accept these findings as a true evaluation of the claimant's abilities. . . .

(Objecs. at 5 (quoting ALJ Decis. at 7, 8).

These reasoned observations constitute more than "general and non-specific reasons." Indeed, respecting the first excerpt above, Mr. Brady has omitted additional language from the ALJ's decision appearing after the ellipses:

> February 2012 records indicate a TENS unit relieves pain in the lumbar spine and hips, and notes the claimant's attempts at water therapy were good. Physical examination showed normal range of motion and muscle strength. The claimant could stand without difficulty and his gait and station were normal. The only positive objective finding was straight leg raising on the left (Exhibit 11F). The claimant underwent steroid injection in February 2012 and March 2012 (Exhibit 12F). March 2012 progress notes indicate the claimant reporting his pain was much better, or "'almost gone'" (Exhibit 16F). Additionally, the claimant saw C.P. Mayo. FNP, CC in April 2012, again reporting his pain was better since his last visit, characterizing it as a four out of ten. He suggested

4

> his pain had increased when lifting a lawn mower, but
> was now better. The claimant was noted to be "doing
> well," and told to return as needed (Exhibit 12F). I
> would point out the claimant's ability to lift a lawn
> mower is in and of itself greater activity than . . .
> the claimant has alleged he is capable of, again
> undermining his already questionable credibility.

(ALJ Decis. at 7).

It is evident that the ALJ was aware of, and applied, the standards attached to weighting Dr. Nash's opinions. Indeed, the court does not understand Mr. Brady to quarrel with the accuracy of most of the ALJ's observations from the record. He simply believes that the ALJ did not fully analyze the reasons for diminished weighting.

While it is true the ALJ could have offered more examples from the record concerning the favorable progression of Mr. Brady's symptoms, and Dr. Nash's curious minimization thereof, his failure to do so is harmless in light of the thorough analysis he conducted. (See, e.g., Admin. Rec. at 399 (July 7, 2012, Dr. Nash's entry noting the back pain "seems better" with conservative treatment); id. at 400 (May 18, 2012, entry without any indication of back pain being present); id. at 401 (April 16, 2012, entry with "back pain" circled but no elaboration, and the reason for the visit that day appears to be

for an annual checkup and evaluation given recent medication changes); id. at 402 (March 15, 2012, entry noting Mr. Brady's stated intention to walk more often "now that back hurts less").[1]

The court concludes that Mr. Brady's objections are not meritorious. For the reasons stated, and having reviewed the record de novo, the court ORDERS as follows:

1. That the PF&R be, and it hereby is, adopted and incorporated herein;

---

[1] Mr. Brady also adds a one-sentence argument at the conclusion of his objections stating that the ALJ erred in according great weight to a non-examining state agency consultant, Thomas Lauderman, D.O. He emphasizes that Dr. Lauderman performed his evaluation in April 2011, well prior to 150 pages of medical records being added to the administrative record herein.

The Commissioner's brief before the magistrate judge succinctly, and appropriately, explains why the weighting does not give rise to error:

> [T]he additional evidence only bolsters the state agency physicians' findings because it merely shows that Plaintiff continued to be treated conservatively. Indeed, in April 2012, Plaintiff reported that he lifted a lawn mower (Tr. 366). Furthermore, in August 2012 (approximately one month before the administrative hearing) Dr. D'Eramo, Plaintiff's treating pain management specialist, declined Plaintiff's request to complete disability papers on his behalf without performing a functional capacity evaluation (Tr. 378).

(Comm'r's Br. at 9-10).

2. That the Commissioner's final decision be, and it hereby is, affirmed;

3. That judgment be, and it hereby is, granted in favor of the Commissioner; and

4. That this civil action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: March 12, 2015

_____
John T. Copenhaver, Jr.
United States District Judge